# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE EVERETT NICHOLS,<br>#429794,<br><br>        Plaintiff,<br><br>    vs.<br><br>ST. CLAIR COUNTY JAIL,<br>RICHARD J. WATSON,<br>MAJOR MCLAURIN,<br>DR. LARSON, and<br>NURSE DEBBRA,<br><br>        Defendants. | Case No. 18-cv-572-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Lee Everett Nichols, an apparent pretrial detainee at St. Clair County Jail ("Jail"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that Jail officials have exhibited deliberate indifference to his medical needs. In connection with his claims, Plaintiff seeks monetary damages and injunctive relief.[1]

The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

---

[1] Plaintiff asks for his medical problems to be resolved, proper treatment, and proper medication. (Doc. 1, p. 6).

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff brings three generalized complaints about his medical care at the Jail: (1) A "number of times" Plaintiff has been denied medical treatment; (2) after submitting a sick call, it can take up to 43 days to be seen; and (3) after submitting a request for mental health treatment, it can take over 70 days to be seen. (Doc. 1, p. 5). With the exception of an incident relating to an injury to his hand (described below), Plaintiff does not provide any additional information pertaining to these claims.[2] Additionally, Plaintiff does not associate these claims with any particular individual.

Plaintiff provides a few specific allegations regarding allegedly inadequate treatment for an injury to his hand. *Id.* According to the Complaint, Plaintiff "smashed" his hand in a power door on February 7, 2018. *Id.* The nurses and officers told Plaintiff his hand was broken.

---

[2] Plaintiff has attached two grievances to his Complaint. (Doc. 1, pp. 7-9). In the grievances, Plaintiff indicates that he is having difficulty adjusting and that he is not sleeping well. *Id.* He also indicates that he needs to be seen by a mental health specialist and would like an adjustment in his medication. *Id.*

However, Dr. Larson refused to show Plaintiff his x-rays. Dr. Larson simply told Plaintiff to avoid using his "damaged hand" and he would be fine. *Id.* According to the Complaint, as of the date of filing, Plaintiff's hand is still injured ("hand is not 100% usable"), and Plaintiff has three scars on his hand. *Id.*

DISMISSAL OF CERTAIN DEFENDANTS

**Defendants not Associated with Specific Allegations**

Before outlining Plaintiff's claims, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against Watson (the Sheriff), McLaurin (Jail Director), and Nurse Debbra (Medical Records/Lead Nurse) in the body of his Complaint, despite his having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of respondeat superior is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Because Plaintiff has failed to include any specific allegations in the statement of claim pertaining to these individuals, they will be dismissed from this action without prejudice. The Court notes, however, that Plaintiff is seeking injunctive relief. Accordingly, Watson, the Sheriff, shall remain a defendant, in his official capacity only, for the purpose of carrying out any injunctive relief that might be ordered. *See Gonzalez v.*

*Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

In summary, any intended individual capacity claims against Watson shall be dismissed without prejudice, but Watson will remain a defendant in his official capacity for purposes of carrying out any injunctive relief that is ordered. Defendants McLaurin and Nurse Debbra shall be dismissed from the Complaint without prejudice, in their individual and official capacities.

**St. Clair County Jail**

Plaintiff has named St. Clair County Jail as a defendant. A jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993). It is not a legal entity in the first place and is therefore not amenable to suit. But even if the proper legal entity was named instead, the case law under § 1983 imposes additional hurdles to actions against governmental agencies that Plaintiff has not cleared. *See, e.g., Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Accordingly, the St. Clair County Jail shall be dismissed with prejudice from this case.

<u>DESIGNATION OF COUNTS</u>

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

    **Count 1 –**      Fourteenth Amendment claim against Larson for failing to treat Plaintiff's injured hand.

    **Count 2 –**      Fourteenth Amendment claim against unspecified individuals for denying

medical treatment and for not responding to medical/mental health requests in a timely manner.

**APPLICABLE LEGAL STANDARD**

It appears that Plaintiff is a pretrial detainee rather than a convicted prisoner. Accordingly, Plaintiff's medical claims derive from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to Fourteenth Amendment inadequate medical care claims. *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). The deliberate indifference standard "includes both an objective and subjective component and thus is more difficult to satisfy than its Fourth Amendment counterpart, which requires only that the defendant have been objectively unreasonable under the circumstances." *Id.* (citations omitted). The propriety of applying this more stringent standard to Fourteenth Amendment claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015), "which applied a purely objective standard to a detainee's excessive-force claim without regard to any subjective component." *Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. 2017) (citing *Collins*, 851 F.3d at 731). However, *Kingsley* was an excessive force case, and the Seventh Circuit has not decided whether the objective reasonableness standard applies to cases involving inadequate medical care. *See Collins*, 851 F.3d at 731 (expressly declining to resolve the issue); *Smego*, 707 F. App'x at 412 (same).

In the instant case, at screening, the Court need not resolve which standard is applicable to Plaintiff's medical claims. This is because, as is set forth more fully below, the Court finds that Count 1 survives under the more-demanding deliberate indifference standard, and the Court finds that Count 2 fails to state a claim regardless of which standard applies.

5

## DISCUSSION

**Count 1**

To establish a constitutional violation under § 1983, a plaintiff proceeding under the more-demanding deliberate indifference standard "must show that his medical condition was objectively serious." *Pitttman ex rel. Hamilton v. Cty. Of Madison, Ill.,* 746 F.3d 766, 775 (7th Cir. 2014). Additionally, "the plaintiff must show that the defendant officials had a sufficiently culpable state of mind—that their 'acts or omissions [were] sufficiently harmful to evidence deliberate indifference' to his serious medical needs." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). In addition, the "deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation." *Brown v. Darnold*, 505 F. App'x. 584 (7th Cir. 2013) (citing *Gil v. Reed*, 381 F.3d 649, 661-62 (7th Cir. 2004)). Finally, prison doctors demonstrate deliberate indifference when they respond to "a known condition through inaction" or "by persisting with inappropriate treatment." *Gaston*, 498 F.App'x. at 631-32; *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011); *Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005).

Reading the Complaint liberally, the Court finds that Plaintiff has alleged a plausible Fourteenth Amendment claim as to Dr. Larson.  The Complaint suggests that Plaintiff suffered from a broken hand.  In addition, according to the Complaint, Dr. Larson did not provide treatment for Plaintiff's injured hand.  Instead, he simply told Plaintiff to avoid using his hand.  This is sufficient, at the pleading stage, to allow Count 1 to proceed as to Dr. Larson (regardless of which standard ultimately controls this claim).

**Count 2**

Count 2 is subject to dismissal without prejudice.  Plaintiff has not identified an objectively serious medical condition.  He merely claims that he has been denied medical treatment a "number of times" and that his requests for medical treatment have not been addressed in a timely manner.  Additionally, Plaintiff does not associate these claims with any particular individual.  To state a § 1983 claim against an individual, Plaintiff must specifically identify that individual, by name or Doe designation.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  That is, Plaintiff must identify a particular individual who deprived Plaintiff of his constitutional rights.  Plaintiffs are required to associate specific defendants with specific claims, so defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  Plaintiff has failed to do this with respect to Count 2.  Accordingly, Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**PENDING MOTIONS**

**1. Motion for Leave to Proceed** *in forma pauperis* **("IFP Motion") (Doc. 6)**

Plaintiff's **IFP Motion** shall be addressed in a separate court order.

**2. Motion for Recruitment of Counsel (Doc. 4)**

Plaintiff's Motion to for Recruitment of Counsel shall be **REFERRED** to a United States Magistrate Judge for a decision.

### DISPOSITION

**IT IS HEREBY ORDERED** that **ST. CLAIR COUNTY JAIL** is **DISMISSED** from this action with prejudice. The Clerk of the Court is **DIRECTED** to terminate this entity as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **MCLAURIN** and **NURSE DEBBRA** are **DISMISSED** from this action without prejudice. The Clerk of the Court is **DIRECTED** to terminate these individuals as parties in CM/ECF.

**IT IS FURTHER ORDERED** that any intended individual capacity claims against **WATSON** are dismissed without prejudice. **WATSON** shall remain a defendant, in his official capacity only, for purposes of carrying out any injunctive relief that is ordered.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **LARSON.**

**IT IS FURTHER ORDERED** that, as to **COUNT 1**, the Clerk of Court shall prepare for **LARSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion for Recruitment of Counsel. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 4, 2018**

 s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**